UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

BANCO PONTUAL S.A.

Debtor in a Foreign Proceeding
_______________________________/

Chapter 15
Case No. ____________________

## VERIFIED PETITION FOR RECOGNITION OF FOREIGN MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517

Valdor Faccio, as Judicial Administrator or Trustee ("Trustee") of Banco Pontual S.A. ("Banco Pontual") within the meaning of 11 USC § 1502(6), through his attorneys, Astigarraga Davis Mullins & Grossman, PA, respectfully moves this Court for entry of an order pursuant to § 1517 of the Bankruptcy Code recognizing as a Foreign Main Proceeding a bankruptcy action pending in the 1st Bankruptcy and Judicial Reorganization Court of São Paulo, Brazil ("Brazilian Court"), and as more fully described herein, granting relief pursuant to §§ 1520 and 1521 of the Bankruptcy Code and any additional relief that may be available under Chapter 15 of the Bankruptcy Code.

## PRELIMINARY STATEMENT

1. The Trustee has commenced this case pursuant to 11 USC § 1504 seeking recognition of a proceeding ("Banco Pontual Proceeding") pending in the Brazilian Court as a Foreign Main Proceeding, as defined in 11 USC § 1502(4) and § 101(23), and seeking relief as of right under § 1520 and further relief available under § 1521. The Trustee is contemporaneously filing a declaration (the "Trustee's Declaration").

2. The Statement of Foreign Representative, as required by § 1515(c) of the Bankruptcy Code, together with a list of Administrators, Parties and Entities pursuant to Rule 1007(a)(4) of the Federal Rules of Bankruptcy, is attached hereto as **Composite Exhibit "A."**

3. As required by § 1515 of the Bankruptcy Code, this Petition is accompanied by a certified and translated copy of orders from the Banco Pontual Proceeding showing the existence of an active "foreign proceeding" involving Banco Pontual, reflecting the appointment of the Trustee as a "foreign representative," and authorizing the Trustee to institute ancillary insolvency proceedings abroad, all of which are attached hereto as **Composite Exhibit "B."**

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 USC §§ 157 and 1334, and 11 USC §§ 109 and 1501. Venue of this proceeding is proper in this judicial district pursuant to 28 USC § 1410. This is a core proceeding under 28 USC § 157(b)(2)(p).

## FACTUAL BACKGROUND

**Banco Pontual**

5. Banco Pontual was originally incorporated under the laws of the Federative Republic of Brazil as a national bank in 1940 under the name "Banco de Parnaiba S.A.". On December 11, 1984, there was a name change whereby Banco de Parnaiba S.A. became Banco Pontual S.A. Banco Pontual was initially headquartered in Fortaleza in the northeast part of Brazil. In 1988, Empesca S.A. Construções Navais, Pesca e Exportação ("Empesca"), a Brazilian holding company, acquired a majority of the shares of Banco Pontual. Empesca is in turn owned by the Gomes de Carvalho brothers. Empesca is a leading exporter of shrimp and lobster. Empesca's principals own companies which also export cashew nuts and corned beef from Brazil. In addition, Empesca's principals also control Brazil's Toyota dealerships in the north, northeast and central regions of the country.

6. Banco Pontual's situation began to deteriorate in late 1996 when it purchased Banco Martinelli S.A. ("Martinelli"), a Brazilian financial institution. Martinelli was in financial trouble and scheduled to be liquidated by the Central Bank of Brazil. However, before the Central Bank intervened, Banco Pontual agreed to purchase Martinelli using the PROER Program of the Central Bank, which allowed Banco Pontual access to significant funds from the Central Bank of Brazil. Today the Central Bank of Brazil is the largest creditor of Banco Pontual, with credits totaling approximately US$ 300 million. In June 1997, the Central Bank of Brazil started to detect severe deterioration in Banco Pontual's financial condition as well. Banco Pontual was red flagged by the Central Bank in November 1997 because of problems with liquidity, cash reserves, and credibility. Finally, on October 30, 1998, the Central Bank of Brazil, through an official act of its president, Gustavo H.B Franco, intervened on Banco Pontual and subject it to an extrajudicial liquidation (an administrative insolvency proceeding, not supervised by a Court) on October 29, 1999.

7. Initially, Mr. Adilson Modesto was appointed as the liquidator of Banco Pontual. He was followed in office by Mr. João Baptista Rocca and Mr. Jayme da Silva. Mr. Faccio was

finally named liquidator, substituting for Mr. da Silva, by the Central Bank of Brazil on August 16, 2004.

**Banco Pontual's Bankruptcy**

8. As noted, the Central Bank of Brazil commenced intervention proceedings on October 30, 1998. On October 29, 1999, Banco Pontual was placed into extrajudicial liquidation, which is a precursor to full bankruptcy under Brazilian law. On December 21, 2009, the Brazilian Court issued an Order converting the extrajudicial liquidation into a full, court-supervised bankruptcy, and also appointed the Trustee as Judicial Administrator of Banco Pontual.[1] The present existence of Banco Pontual's bankruptcy, as well as the Trustee's continued appointment, is reflected in a recent Order from the Brazilian Court, dated July 4, 2013 authorizing the Trustee to initiate ancillary insolvency proceedings offshore. See **Composite Exhibit "B"** at 9.

9. The Brazilian Court converted the extrajudicial liquidation of Banco Pontual into a court-supervised insolvency proceeding because Banco Pontual's assets were not sufficient to pay at least 50% of its unsecured debts. The Brazilian Court appointed the Mr. Valdor Faccio on January 6, 2010. See **Composite Exhibit "B"** at 5. Mr. Faccio is a former employee of the Central Bank of Brazil who had been working as the extrajudicial liquidator of Banco Pontual since August 2004.

**The Chapter 15 Petition**

10. The Banco Pontual Proceeding remains pending and the Trustee is overseeing efforts to identify, locate, and capture assets belonging to the estate. Today, the Estate of Banco Pontual has 134 creditors and debts of about R$901 million (around US$450 million). The total of Banco Pontual's proven assets recovered by the Trustee to date, however, is $270 million reais (approximately US$ 135 million).

11. Based on the Trustee's investigation, information from the Brazilian investigators, and other sources, the Trustee believes that a significant amount of assets were diverted by the

[1] A Judicial Administrator of a bankrupt estate in Brazil is equivalent to a Trustee-in-Bankruptcy in the United States, inasmuch as they perform similar functions. For instance, both act as an officer of the court to marshal assets into an insolvent estate for the benefit of creditors; both adjudicate proofs of debt filed by putative creditors; and both ensure that proven creditors' claims are satisfied to the extent possible from the assets of the estate.

beneficial owners and directors of Banco Pontual and/or others prior to the Central Bank's intervention.

12. The Trustee desires to proceed with an investigation into the assets of Banco Pontual, including, for example, as to assets that are in the U.S. or that were transferred through the U.S., as well as transactions involving Banco Pontual with persons or entities located in the U.S.

13. Through investigative efforts, the Trustee has learned of substantial connections between this District and suspected misappropriated assets of Banco Pontual, including wire transfers from a Bahamian bank (The First NewLand Bank) owned by the beneficial owners of Banco Pontual through the use of a security agreement scheme to Miami-based branches of financial institutions such as Espirito Santo Bank of Florida. In addition, Banco Pontual's principals also conducted business with Miami-based law firms.

## RECOGNITION IS APPROPRIATE

14. The Trustee has satisfied each of the requirements for recognition of the Banco Pontual Proceeding under Chapter 15 of the Bankruptcy Code. As set forth in the Trustee's Declaration:

(a) The Trustee qualifies as a "foreign representative" as defined in 11 USC § 101(24) because he is a person authorized under applicable Brazilian law, who has been designated by the Brazilian Court to act in that capacity.

(b) The Banco Pontual Proceeding is a "foreign main proceeding" as defined in 11 USC § 101(23) and 1502(4), because it is (i) pending in Brazil, which is Banco Pontual's "center of main interests," as such term is used in §§ 1502(4), 1516(c) and 1517(b)(1); and (ii) a collective judicial proceeding under which Banco Pontual's assets and affairs are subject to the supervision of the Brazilian Court for the purpose of the bankruptcy.

## RELIEF REQUESTED

15. In furtherance of his duties, the Trustee seeks an Order pursuant to §§ 105(a), 1507, 1517, 1520 and 1521 of the Bankruptcy Code and, if necessary, Rule 65 of the Federal Rules of Civil Procedure as made applicable herein by Rule 7065 of the Federal Rules of Bankruptcy Procedure, granting the following relief:

(a) Recognizing the Banco Pontual Proceeding as a Foreign Main Proceeding as defined in § 1502(4) of the Bankruptcy Code and the Trustee as the Foreign Representative;

(b) Granting relief as of right upon recognition of a foreign main proceeding pursuant to § 1520 of the Bankruptcy Code;

(c) Granting further additional relief as authorized by § 1521 of the Bankruptcy Code, including, without limitation:

(i) staying the commencement or continuation of any action or proceeding without the consent of the Trustee concerning the assets, rights, obligations or liabilities of Banco Pontual to the extent not stayed under § 1520(a) of the Bankruptcy Code;

(ii) staying execution against the assets of Banco Pontual to the extent not stayed under § 1520(a);

(iii) suspending the right to transfer or otherwise dispose of any assets of Banco Pontual to the extent this right has not been suspended under § 1520(a);

(iv) providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the assets, affairs, rights, obligations or liabilities of Banco Pontual, and finding that such information is required in the foreign proceeding under the law of the United States;

(v) entrusting the administration or realization of all or part of the assets of Banco Pontual within the territorial jurisdiction of the United States to the Trustee;

(vi) entrusting the distribution of all or part of assets of Banco Pontual located within the United States to the Trustee and finding that the assets of the creditors of Banco Pontual are sufficiently protected thereby;

(vii) otherwise granting comity to and giving full force and effect to the Bankruptcy Order and any other order issued and to be issued in the Banco Pontual Proceeding; and

(viii) awarding the Trustee such other and further relief as this Court may deem just and proper.

**HEARING AND NOTICE**

16. The Trustee requests that the Court set the date for a hearing, pursuant to § 1517(c) of the Bankruptcy Code "at the earliest possible time."

**CONCLUSION**

17. The Trustee respectfully requests that this Court enter an order substantially in the form of the proposed order attached hereto as **Exhibit "C"**, and grant it such other and further relief as may be just and proper.

Dated: October 22, 2013.

Respectfully Submitted,
Astigarraga Davis Mullins & Grossman P.A.
*Attorneys for Trustee/Petitioner*
701 Brickell Avenue, 16th Floor
Miami, Florida 33131
Telephone (305) 372-8282
Facsimile (305) 372-8202
Email: ggrossman@astidavis.com
edavis@astidavis.com

By: s/ Gregory S. Grossman
Gregory S. Grossman
Florida Bar No. 896667
Edward H. Davis
Florida Bar No. 704539

**VERIFICATION**

I, Valdor Faccio, declare under penalty of perjury under the laws of the United States of America, 28 U.S.C. §1746, that I am the court-appointed Judicial Administrator/Trustee for Banco Pontual S.A. ("Banco Pontual"), and that, in such capacity, I have the authority to make this verification; that I have read the foregoing Verified Petition For Recognition with the assistance of my Brazilian counsel, Henrique Rodrigues Forssell because of my limited English skills; and that the facts and matters alleged and contained therein are true and correct to the best of my knowledge and belief, based upon my own personal knowledge of the facts involved and upon my review of the books and records customarily kept and maintained by Banco Pontual.

Dated this 11th day of September, 2013

VALDOR FACCIO

# COMPOSITE EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

Chapter 15
Case No. ____________________

BANCO PONTUAL S.A.

Debtor in a Foreign Proceeding
_________________________________/

**DECLARATION OF TRUSTEE AND LIST OF ADMINISTRATORS, PARTIES, AND ENTITIES PURSUANT TO 11 U.S.C. §1515 AND BANKRUPTCY RULE 1007(a)(4)**

I, VALDOR FACCIO, hereby declare as follows:

1. I am over the age of 18 and, if called upon, could completely testify to all matters set forth in this statement based upon my own personal knowledge except for those portions specified as being otherwise. Because I have limited English skills, I was assisted by my Brazilian counsel, Henrique Rodrigues Forssell to draft this Declaration which has been explained to me by Mr. Forssell in Portuguese, my native language.

2. I was appointed Trustee within the meaning of 11 U.S.C. § 1502(6) in the pending bankruptcy proceeding of Banco Pontual S.A. ("Debtor"), by the 1st Bankruptcy and Judicial Reorganization Court of São Paulo, Brazil ("Brazilian Court"), on January 6, 2010. By virtue of the appointment by the Brazilian court, I as the Trustee am authorized to appear in this Court as a foreign representative of the bankruptcy proceeding in Brazil. True and correct copies of the Orders appointing me as Trustee and reflecting my continued appointment in that role are attached to the Verified Petition for Recognition of a Foreign Main Proceeding, being filed contemporaneously.

3. I hereby file the following list in accordance with Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure of the United States.

**Administrators in Foreign Proceedings of the Debtor**

4. The Trustee is not aware of any foreign proceedings, as that term is defined in 11 U.S.C. 101(23), of the Debtor other than this Chapter 15 Petition. The Trustee is the duly appointed "administrator" in the Brazilian proceeding.

**Parties to any U.S. Litigation in which the Debtor is a Party**

5. The Petitioner is not aware of any other litigation pending in the United States in which the Debtor is a party.

**Entities Against Whom Provisional Relief Is Being Sought**

6. Petitioner is not seeking interim relief at this time against any entities under 11 U.S.C. § 1519.

I declare under penalty of perjury under the laws of the United States of America, 28 U.S.C. §1746 that the foregoing is true and correct.

Dated this 11th day of September, 2013

VALDOR FACCIO

# COMPOSITE EXHIBIT B

Sandra Regina Mattos Rudzit
TRADUTORA PÚBLICA

*I, Sandra Regina Mattos Rudzit, certified public translator, duly admitted and sworn by the Commercial Registry of the State of São Paulo, Brazil, hereby certify that a copy of a document was submitted to me, written in Portuguese, the translation of which is as follows:*

This document is a copy of the original digitally signed by RENATA MOTA MACIEL. In order to check the original, please access the web site www.tj.sp.gov.br, type in case 100.09.348960-8/00004 and code 2S0000001PDKD.

**COURT OF APPEALS OF THE STATE OF SÃO PAULO**

JUDICIAL DISTRICT OF SÃO PAULO

CIVIL CENTRAL COURTHOUSE

1st LOWER COURT OF BANKRUPTCY AND JUDICIAL REORGANIZATION

**OFFICIAL LETTER**

Case No.: **100.09.348960-8/00004**

Class – Subject: **Incidents – Composition with Creditors**

Bankrupt (Respondent): **BANCO PONTUAL S/A – BANKRUPTCY ESTATE**

Official Letter No. 268/2010

(PLEASE MENTION THESE REFERENCES IN THE REPLY)

**IN CAMERA PROCEDURE**

The Honorable Judge of the 1st Lower Court of Bankruptcy and Judicial Reorganization of the Judicial District of the Capital City of the State of São Paulo, Judge Renata Mota Maciel, by this instrument issued in the case record of the aforementioned action, submits to Your Honor copies of the judgment that adjudicated BANCO PONTUAL S/A in bankruptcy, rendered by the 15th Lower Civil Central Courthouse of the Judicial District of the Capital City of the State of São Paulo; the decision rendered in addition to the bankruptcy judgment; the instrument of commitment undertaken by the bankruptcy trustee, Valdor Faccio, enrolled with the Individual Taxpayers Register under CPF 157.313.759-68, bearer of Identity Card RG 559807-9 SSP/PR; and the decision rendered in the incident notified with the documentation sent by OAR CONSULTANTS CORPORATION, notifying the existence of a legal action being heard by the Supreme Court of the Bahamas.

Very truly yours,

São Paulo, March 25, 2010.

**(sgd)**

**RENATA MOTA MACIEL**

**Judge**

TO

**THE SUPREME COURT OF THE BAHAMAS**

**CONFIDENTIAL**

Copy extracted from the Court of Appeals of the State of São Paulo on March 25, 2010.

*SUBMISSION FOR DECISION*

*On December 21, 2009, I submit this case record for decision by the Honorable Assistant Judge, CELINA DIETRICH E TRIGUEIROS TEIXEIRA PINTO. I (sgd), clerk, subscribe it.*

Case No. 583.00.2002.114355-3

Examined.

1.- BANCO PONTUAL S/A., undergoing extrajudicial liquidation, filed for adjudication in bankruptcy by alleging, in summary, that on October 30, 1998, an intervention had been decreed in the bank and in other companies of the group, and that an action had been filed by the Public Prosecutors' Office in order to sentence the persons liable for the situation of deficit and for the losses arising therefrom, which resulted in the decree of its extrajudicial liquidation on October 29, 1999, and the extrajudicial liquidation of Banco Martinelli S.A., Bridin Participações S/A and Pontual Leasing S.A. Arrendamento Mercantil, which were companies controlled by the bank. Thus, the situation of insolvency is characterized in conjunction with facts susceptible to characterize the crime of bankruptcy, thereby authorizing the Central Bank of Brazil to determine that the liquidating bank file for the bankruptcy of the institution because its assets are not sufficient to cover half of the amounts corresponding to its unsecured credits, which is evident in accordance with the trial balance of December 31, 2001, registering R$237,621,000.00 in assets and R$1,710,111,000.00 in liabilities.

For the foregoing reasons, the petitioner requested the conversion of its extrajudicial liquidation into bankruptcy.

It attached the documents on pages 20/140.

The Public Prosecutors' Office pronounced itself on page 142.

On page 148, Lidyberto dos Santos Vilar et al, as controlling shareholders of Banco Martinelli S.A., submitted an opposition to the request for voluntary bankruptcy.

On page 323, Hirochi Akabane submitted an opposition.

On page 347, the complaint was amended.

The Public Prosecutors' Office expressed its opinion in favor of the bankruptcy on page 370.

On page 388, Carlos Marcelo Gomes de Carvalho and José Mário Gomes de Carvalho, as members of the board of directors of the bank, submitted an opposition.

The petitioner answered on page 456.

The Public Prosecutors' Office pronounced itself on page 468.

The case record was redistributed to this Lower Court in view of the adjudication in bankruptcy of Banco Martinelli by this Court.

The oppositions on pages 146, 313, 319, 340 and 384/393 were dismissed by the order on page 979, which also determined the expert examination. Part of the decision that had deemed immaterial the pronouncement of the former managers and former controllers of companies of the same group was subject to an interlocutory appeal in the same case record. The appeal was granted pursuant to the appellate decision on page 1059.

Report on page 1073 et seq. supplemented on page 1278.

Diverging report from the claimant's assistant on page 1201.

Opinions of the Public Prosecutors' Office on pages 1272 and 1288.

Pronouncement from the claimant on page 1284.

The order on page 1287 denied new expert examination.

The Public Prosecutors' Office finally pronounced itself in favor of the bankruptcy on page 1288.

On Page 1290, the judgment was converted into procedures to submit the documents requested by the judicial expert.

The Public Prosecutors' Office pronounced itself again on pages 1297/8 and 1323/4.

The expert report was supplemented on pages 1433 et seq.

On page 1503, Carlos Marcelo Gomes de Carvalho and José Mário Gomes de Carvalho, pronounced themselves. On page 1535, Hirochi Akabane pronounced himself.

On page 1592 et seq., the Public Prosecutors' Office submitted its final opinion.

**This is the report.**

This is a petition for voluntary bankruptcy.

Pursuant to article 21 "b" of Law 6024/74, in order for a company undergoing extrajudicial liquidation to be adjudicated in bankruptcy, it is necessary that its assets be insufficient to cover at least half of the unsecured credits or that there be reasonable circumstantial evidence of a crime of bankruptcy.

However, in the event of this case record, even though the expert report produced on page 1073/1135, with clarifications on page 1278 and a supplement on page 1433 et seq., concluded that the petitioner's assets exceeded half of the unsecured liabilities (in accordance with clarifications on pages 1436 et seq.), it was not sufficient to convince the judge in that respect.

The fact is that negative net assets of R$1,153,125.00 had already been registered in the balance sheet drawn up on October 29, 1999, at the time of the decree of extrajudicial liquidation of the bank, and in the trial balance of December 31, 2001, registering liabilities of R$1,710,111,000.00 (page 29/57), in addition to several irregularities susceptible to characterizing tort pursuant to the liquidator's report on pages 58/84.

In turn, the expert evidence in the final conclusion on pages 1436 et seq. found a credit balance on behalf of the bank, representing a credit on behalf of Banco Digibanco, which had been merged into Banco Pontual in 1997. Such credit derived from a loan transaction executed between the company Fibrasa Indústria e Comércio S.A. and Digibanco, whose guarantor was Banco Banespa, and such transaction would result in a contractual outstanding balance in the amount of R$2,053,032,938.70 by June 30, 2002, in accordance with the expert information on page 1439 and that, computed in the general chart of creditors as assets for Banco Pontual in the amount of R$2,252,983,665.33, would result in the elimination of the situation of insolvency of the bank, in accordance with the reclassification chart of unsecured creditors submitted on page 1447 by the expert.

However, the credit found by the expert examination cannot be taken into account for the purpose of generating for the bank the assets mentioned by the expert.

The reason for such is that, first of all, it was an agreement disputed in a legal action being heard by the 10th Lower Civil Court of the Judicial District of Recife, and that therefore did not constitute assets in the accounting definition of the word, as explained in the opinion from the Center of Operating Support to Execution attached by the Public Prosecutors' Office on page 1626/1627.

In fact, there was a legal dispute about the amount described as credit, as a result, if the final court decision determined that Banespa was the guarantor of the transaction, the Bank would have to reimburse the amount that had already been raised in the case record by withdrawing the bond posted on account of the execution of the agreement between the parties. And this is what actually occurred. As can be read in the complaint and documents on pages 2039 et seq., attached by the Public Prosecutors' Office, the Superior Court of Justice judged a Special Appeal which determined the inexistence of the guarantee offered by Banespa in the aforementioned

Sandra Regina Mattos Rudzit
TRADUTORA PÚBLICA

agreement, which will cause, as a consequence, the obligation of return of the bond posted by the bank.

Therefore, in light of the foregoing remarks, the report of the Center of Support submitted a chart on page 1637, which demonstrated the situation of insolvency verified since 1999, when the bank's assets, after the priority creditors had been paid, were sufficient to cover only 25.61% of the unsecured creditors after the liquidator's adjustments.

Thus, the petitioner's adjudication in bankruptcy is required inasmuch as it fails to meet the requirement imposed by article 21 "b" of Law 6024/74, upon verification of its insolvency.

2.- In light of the foregoing, I **JUDGE** this action of adjudication in bankruptcy of BANCO PONTUAL S.A., identified in the case record, **VALID** on this date, at 3:30 p.m.

Send the case record to the Lower Court Specialized in Bankruptcy and Judicial Reorganization.

Publish, register, notify.

São Paulo, December 21, 2009.

**(sgd)**

**CELINA DIETRICH E TRIGUEIROS TEIXEIRA PINTO**

**Judge**

This document is a copy of the original digitally signed by RENATA MOTA MACIEL. In order to check the original, please access the web site www.tj.sp.gov.br, type in case 100.09.348960-8 and code 2S0000001LYN4.

Copy extracted from the Court of Appeals of the State of São Paulo on March 25, 2010.

**COURT OF APPEALS OF THE STATE OF SÃO PAULO**

JUDICIAL DISTRICT OF SÃO PAULO

CIVIL CENTRAL COURTHOUSE

1st LOWER COURT OF BANKRUPTCY AND JUDICIAL REORGANIZATION

**JUDGMENT**

Case No.: **100.09.348960-8- Bankruptcy of Business Owners, Business Companies, Micro and Small Businesses**

Petitioner: **BANCO PONTUAL S/A**

Petitioned: **BANCO PONTUAL S/A**

SUBMISSION FOR DECISION

On January 6, 2010, I submit this case record for decision by the Honorable Judge, Renata Mota Maciel. I, clerk, subscribe it.

Examined.

I.- Preliminarily, I analyze the jurisdiction of this court:

The following were distributed to this 1st Lower Court of Bankruptcy and Judicial Reorganization by direction: the voluntary bankruptcy of Banco Pontual S/A (case record No. 2002.114355-3), the extrajudicial liquidation (case record No. 99.078366-9) and the public civil action (case record No. 99.893270-3).

By carefully examining the voluntary bankruptcy case record, I verify that it was originally distributed to the 16th Lower Civil Central Courthouse on June 14, 2002.

On pages 601/603, a decision was rendered acknowledging the lack of jurisdiction of the 16th Lower Civil Court and determining the redistribution to the 15th Lower Civil Court in view of the adjudication in bankruptcy of Banco Martinelli S/A, which is part of the same economic group. A conflict of jurisdiction arose from such decision, which acknowledged the jurisdiction of the 15th Lower Civil Court on the grounds that the bankruptcy of Banco Martinelli S/A attracted the bankruptcy of Banco Pontual S/A (pages 778/781 and pages 217/220 of the attachment to the 5th volume).

In the decision on page 841, the case record was redistributed to one of the Lower Courts of Bankruptcy and Judicial Reorganization in view of the effectiveness of Law No. 11101/05, and the case record was distributed to this Lower Court **by draw**. A conflict of jurisdiction arose from such decision, which acknowledged the jurisdiction of the 15th Lower Civil Court (page 843 and pages 28/30 of the attachment to the 5th volume).

The judgment was set out on pages 2092/2097 adjudicating Banco Pontual S/A in bankruptcy and determining the distribution of the case record to the Specialized Court.

Thus, the distribution to this 1st Lower Court of Bankruptcy and Judicial Reorganization occurred **by direction,** because the distribution by draw to one of the lower bankruptcy courts of this capital city had already occurred in a previous occasion, as a result, pursuant to item 2-A of section I of chapter VII of the Judicial Rules of the Department of Internal Affairs of the Judiciary Branch (NSCGJT), there will be no new distribution by draw to a lower court of the same jurisdiction.

Within this context, I accept the jurisdiction, also coupled with the fact that in light of the provisions of article 192, paragraph 4 of Law No. 11101/05, the adjudication in bankruptcy shall be entirely governed by the new legislation, and the jurisdiction of the Lower Court of Bankruptcy and Judicial Reorganization is determined by Resolution 200/2005 of the Court of Appeals, which created and determined its jurisdiction for the proceedings governed by Law 11101/2005, that is, it is a case of subject-matter jurisdiction or functional jurisdiction and is, therefore, absolute.

II – Therefore, in addition to the provisions of the judgment on page 2092/2097, I make the following determinations:

1) I appoint Mr. Valdor Faccio, with offices at Rua Craveiro Lopes, 19, mezzanine 2-1, in this capital city, to act as bankruptcy trustee (article 99, IX). I justify his appointment in light of his technical qualification, experience in the banking area and for his work performed during the judicial liquidation phase as liquidator appointed by the Central Bank of Brazil, therefore his appointment seems pertinent.

For the purposes of article 22, III, he shall:

1.1) be notified in person so that he can sign the instrument of commitment within forty-eight (48) hours, under penalty of replacement (article 33 and 34);

1.2) proceed with the collection of assets and documents (article 110), if any, and he shall appraise the assets separately or in sets, at the place where they are located (articles 108 and 110) for the realization of the assets (articles 139 and 140), which shall be "subject to his safekeeping and responsibility" (article 108, sole paragraph), and he may seal them for the purposes of article 109, also informing the court of the viability of the continuity of the company's activities (article 99, XI);

2) I hereby maintain the legal term (article 99, II) determined in the extrajudicial liquidation, which may be modified in the event of protests prior to this date or of another cause justifying such modification, especially because Law No. 6024/74 provides for a shorter term (60 days) than the term of Law No. 11101/05 (90 days).

3) The bankruptcy trustee shall inform whether the list of creditors' names, including their addresses, as well as the importance, nature and classification of their credits, can be found in the case record, in order for the public notice to be issued with the list of creditors and other measures indispensable for the progress of the bankruptcy, including the prohibition of disposition of the managers' assets pursuant to article 36 of Law No. 6024/74.

3.1) The managers of the bankruptcy estate, José Mário Gomes de Carvalho, José Baia Sobrinho, Salvatore Giuseppe Biondi Arena, Carlos Marcelo Gomes de Carvalho, João Teixeira de Carvalho Neto and Silvio Romero Gomes Teixeira de Carvalho, shall comply with the provisions of article 104, and a **hearing is hereby scheduled to March 17, 2010, at 1:15 p.m.**, for the execution of the instrument of appearance, for which purpose the bankruptcy trustee and the Public Prosecutors' Office shall also be notified, without prejudice, as necessary, to the examination of other *de facto* and *de jure* managers, officers, controllers and members of the board of directors, as other facts appear in the case record.

3.2) The shareholders and managers are hereby also warned that in order to safeguard the interests of the parties involved and upon verification of circumstantial evidence of the crime set forth in Law No. 11101/2005, they may be subject to temporary imprisonment pending trial (article 99, VII).

4) I set the term of fifteen (15) days as of date of publication of the public notice for the creditors to submit to the bankruptcy trustee "their proofs of claim or their objections to the credits listed" (article 99, IV, and article 7, paragraph 1), **which shall be registered with the 1st Court Office of Bankruptcy and Judicial Reorganization** at the João Mendes Júnior Courthouse, Praça João Mendes Júnior, no number, 16th floor, room 1610, Downtown, São Paulo, State of São Paulo, Monday through Friday, business hours, and such courthouse shall deliver the said submissions to the bankruptcy trustee.

5) I determine, pursuant to article 99, V, the suspension of all actions or executions **against the bankrupt** (company), except for the events set forth in paragraphs 1 and 2 of article 6 of the same Law, and the statute of limitations shall also be suspended.

6) I prohibit the performance of any act of disposition or encumbrance of assets of the bankrupt (company) without judicial authorization and without authorization from the Committee of Creditors (if any), except for the assets whose sale is part of the debtor's regular activities "if the provisional continuation of the activities is authorized" (article 99, VI).

7) I determine the issuance of official letters (article 99, X and XIII) to government agencies and offices (Federal, State and Municipal agencies and offices; the Central Bank of Brazil; the Department of Motor Vehicles – DETRAN – etc.) immediately, with online communication being authorized, and to the Commercial Registry of the State of São Paulo (JUCESP) for the purposes of articles 99, VIII and 102.

8) Issue the public notice pursuant to article 99, sole paragraph, of Law 11101/2005.

9) Send a copy of the judgment and of this decision to the Central Bank of Brazil, with due regard for article 40, paragraph 1, of Law 6024/74 also so that the Central Bank of Brazil can inform the status of any administrative investigation or other procedures that may have been heard by it (Law No. 6024/74, article 41).

10) Notify the Public Prosecutors' Office.

11) Publish, register and notify.

São Paulo, January 7, 2010.

Copy extracted from the Court of Appeals of the State of São Paulo on March 25, 2010.

COURT OF APPEALS OF THE STATE OF SÃO PAULO

JUDICIAL DISTRICT OF SÃO PAULO

CIVIL CENTRAL COURTHOUSE

1st LOWER COURT OF BANKRUPTCY AND JUDICIAL REORGANIZATION

**INSTRUMENT OF COMMITMENT OF BANKRUPTCY TRUSTEE**

Case No.: **100.09.348960-8**

Class: **Bankruptcy of Business Owners, Business Companies, Micro and Small Businesses – Voluntary Bankruptcy**

Petitioner: **BANCO PONTUAL S/A**

Petitioned: **BANCO PONTUAL S/A**

The Honorable Judge of the 1st Lower Court of Bankruptcy and Judicial Reorganization of the Civil Central Courthouse, Judge Renata Mota Maciel, determined the drawing up of this instrument in accordance with the decision rendered on January 7, 2010, which appointed the following **BANKRUPTCY TRUSTEE:**

**VALDOR FACCIO, enrolled with the Individual Taxpayers Register under CPF 157.313.759-68, bearer of Identity Card RG 559807-9 SSP/PR, Rua Craveiro Lopes, 19, Store 2-1, Postal Code 09634-010, São Paulo, State of São Paulo.**

To whom the Honorable Judge assigned the commitment to perform the duties of Bankruptcy Trustee well and loyally and to undertake all responsibilities inherent in such duties in the case record of the aforementioned action. The Bankruptcy Trustee undertook the commitment on this date and promised to perform his duties with absolute loyalty subject to the penalties of Law 11101/2005. NOTHING ELSE. This instrument was drawn up, found to be in order and signed. São Paulo, January 11, 2010.

(sgd)

Signature of the Bankruptcy Trustee

(sgd)

Renata Mota Maciel

Judge

This document is a copy of the original digitally signed by RENATA MOTA MACIEL. In order to check the original, please access the web site www.tj.sp.gov.br, type in case 100.09.348960-8/00004 and code 2S0000001PCQ9.

Copy extracted from the Court of Appeals of the State of São Paulo on March 25, 2010.

**COURT OF APPEALS OF THE STATE OF SÃO PAULO**

JUDICIAL DISTRICT OF SÃO PAULO

CIVIL CENTRAL COURTHOUSE

1st LOWER COURT OF BANKRUPTCY AND JUDICIAL REORGANIZATION

**DECISION**

Case No.: **100.09.348960-8/00004 – Incidents**

**SUBMISSION FOR DECISION**

**On March 23, 2010, I submit this case record for decision by the Honorable Judge, Renata Mota Maciel. I, clerk, subscribe it.**

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1608, Centro - CEP 01501-900, Fone: 2171-6505, São Paulo-SP - E-mail: sp1falencias@tj.sp.gov.br

**OFÍCIO**

Processo nº: **100.09.348960-8/00004**
Classe – Assunto: **Incidentes - Concurso de Credores**
Falido (Passivo): **BANCO PONTUAL S/A - MASSA FALIDA**

Ofício nº 268/2010
(FAVOR MENCIONAR ESTAS REFERÊNCIAS NA RESPOSTA)

**SEGREDO DE JUSTIÇA**

A MM. Juíza de Direito da 1ª Vara de Falências e Recuperações Judiciais da Comarca da Capital do Estado de São Paulo, Dra. Renata Mota Maciel, pelo presente, expedido nos autos da ação em epígrafe, encaminha a Vossas Excelências cópias da sentença que decretou a falência de BANCO PONTUAL S/A, proferida no Juízo da 15ª Vara Cível Central da Comarca da Capital do Estado de São Paulo; decisão proferida em complemento à sentença de quebra; termo de compromisso assumido pelo administrador judicial, Valdor Faccio, CPF 157.313.759-68, RG 559807-9 SSP/PR; e da decisão proferida no incidente autuado com a documentação encaminhada por OAR CONSULTANTS CORPORATION, noticiando a existência de ação judicial em trâmite junto à Suprema Corte das Bahamas.

Atenciosamente.

São Paulo, 25 de março de 2010.

**RENATA MOTA MACIEL**
**Juíza de Direito**

A
**SUPREMA CORTE DAS BAHAMAS**

**CONFIDENCIAL**

SANDRA REGINA MATTOS RUDZIT
Tradutora Pública
Intérprete Comercial
SÃO PAULO - BRASIL

Este documento é cópia do original assinado digitalmente por RENATA MOTA MACIEL. Para conferir o original, acesse o site www.tj.sp.gov.br, informe o processo 100.09.348960-8/00004 e o código 2S0000001PDKD.

2092

**CONCLUSÃO**

*Em 21 de dezembro de 2009, faço estes autos conclusos à MM. Juíza de Direito Auxiliar, Dra. CELINA DIETRICH E TRIGUEIROS TEIXEIRA PINTO. Eu ..................., Escr. subscr.*

Processo nº 583.00.2002.114355-3

Vistos.

1.- BANCO PONTUAL S/A., em liquidação extrajudicial, requereu a decretação de sua falência alegando, em síntese, que foi decretada intervenção em 30 de outubro de 1998 no banco e em outras empresas do grupo, tendo havido ação proposta pelo Ministério Público, para a condenação dos responsáveis pela sua situação deficitária e prejuízos dela decorrentes, sendo que a sua liquidação extrajudicial foi decretada, em 29.10.99, assim como do Banco Martinelli S.A., Bridin Participações S;A e Pontual Leasing S.A. Arrendamento Mercantil, empresas controladas pelo banco. Ocorre, assim, situação de insolvência, havendo ainda fatos passíveis de caracterizar crime falimentar, autorizando assim o Banco Central a determinar que o banco liquidante requeira a falência da instituição pois seu ativo não é suficiente para cobrir a metade do valor dos créditos quirografários, o que está evidente conforme balancete de 31.12.2001, registrando ativo de R$ 237.621.000,00, e passivo de R$ 1.710.111.000,00.

SANDRA REGINA MATTOS RUDZIT Tradutora Pública Intérprete Comercial SÃO PAULO - BRASIL

CÓPIA EXTRAÍDA NO TRIBUNAL DE JUSTIÇA DE SÃO PAULO

25/3/2010

0093

Pelo que expôs requereu a conversão da sua liquidação extrajudicial em falência.

Juntou os documentos de fls. 20/140.

Manifestou-se o Ministério Público a fls. 142.

A fls. 148 manifestaram-se Lidyberto dos Santos Vilar e outros, na qualidade de sócios controladores do Banco Martinelli S.A., apresentaram impugnação ao pedido de autofalência.

A fls. 323 Hirochi Akabane apresentou impugnação.

A fls. 347 foi aditada a inicial.

O Ministério Público opinou a fls. 370, pela quebra.

A fls. 388 Carlos Marcelo Gomes de Carvalho e José Mario Gomes de Carvalho, na qualidade de membros do conselho administrativo do banco, apresentaram impugnação.

Respondeu o requerente a fls. 456.

Manifestou-se o Ministério Público a fls. 468.

Os autos foram redistribuídos a esta Vara em razão da decretação da falência do Banco Martinelli por este Juízo.

As impugnações de fls. 146, 313, 319, 340 e 384/393 foram rejeitadas pelo despacho de fls.

SANDRA REGINA MATTOS RUDZIT Tradutora Pública Intérprete Comercial SÃO PAULO - BRASIL

CÓPIA EXTRAÍDA NO TRIBUNAL DE JUSTIÇA DE SÃO PAULO

25/3/2010

2094

979, que também determinou perícia. Houve agravo de instrumento contra a parte da decisão que considerara impertinente a manifestação de ex-administradores e ex-controladores de empresas do mesmo grupo nos autos. O agravo foi provido nos termos do acórdão de fls. 1059.

Laudo a fls. 1073 e seguintes, complementado a fls. 1278.

Laudo divergente do assistente do autor a fls. 1201.

Pareceres do Ministério Público a fls. 1272 e 1288.

Manifestação do autor a fls. 1284.

O despacho de fls. 1287 indeferiu nova perícia.

Manifestou-se derradeiramente o Ministério Público a fls. 1288, pela quebra.

A fls. 1290 converteu-se o julgamento em diligência para apresentação de documentos requeridos pelo perito judicial.

Manifestou-se novamente o Ministério Público a fls. 1297/8 e 1323/4.

O laudo pericial foi complementado a fls. 1433 e seguintes.

A fls. 1503 manifestaram-se Carlos Marcelo Gomes de Carvalho e José Mario Gomes de Carvalho. A fls. 1535 manifestou-se Hirochi Akabane.

A fls. 1592 e seguintes o Ministério

SANDRA REGINA MATTOS RUDZIT Tradutora Pública Intérprete Comercial SÃO PAULO - BRASIL

25/3/2010

CÓPIA EXTRAÍDA NO TRIBUNAL DE JUSTIÇA DE SÃO PAULO

2095

Público apresentou seu derradeiro parecer.

**É o relatório.**

Trata-se de pedido de autofalência.

De acordo com o artigo 21 "b" da Lei 6024/74, para decretação de autofalência de empresa em liquidação extrajudicial, é necessário que o seu ativo não seja suficiente para cobrir pelo menos a metade do valor dos créditos quirografários, ou que haja fundados indícios de crimes falimentares.

Ocorre que, no caso dos autos, o laudo pericial produzido a fls. 1073/1135, com esclarecimentos de fls.1278 e complemento de fls. 1433 e seguintes, embora concluísse que o ativo do requerente seria superior à metade do passivo quirografário (conforme esclarecimentos de fls.1436 e seguintes), não foi suficiente à formação do convencimento do juízo, no mesmo sentido.

É que já se havia registrado patrimônio líquido negativo de R$ 1.153.125,00, para o balanço levantado em 29/10/99, quando da decretação da liquidação extrajudicial do banco, assim como no balancete de 31/12/2001, registrando passivo de R$ 1.710.111.000,00 (fls. 29/57), além de inúmeras irregularidades passíveis de configurar a prática de ilícitos, de acordo com o relatório do liquidante fls. 58/84.

Por sua vez, a prova pericial, na conclusão final de fls. 1436 e seguintes, encontrou saldo credor em favor do banco, representado por crédito em favor do Banco Digibanco que fora incorporado pelo Banco

SANDRA REGINA MATTOS RUDZIT Tradutora Pública e Intérprete Comercial SÃO PAULO - BRASIL

CÓPIA EXTRAÍDA NO TRIBUNAL DE JUSTIÇA DE SÃO PAULO

25/3/2010

2096

Pontual em 1997. Esse crédito derivou de operação de empréstimo firmada entre a empresa Fibrasa Indústria e Comércio S.A. e o Digibanco, tendo como fiador o então Banco Banespa, operação da qual resultaria um saldo devedor contratual no valor de R$ 2.053.032.938,70, para 30.06.2002, conforme informação pericial de fls. 1439 e que, computado no quadro geral de credores como ativo, para o Banco Pontual, no valor de R$ 2.252.983.665,33, resultaria na eliminação da situação de insolvência do banco, conforme quadro de reclassificação de credores quirografários apresentado a fls. 1447 pelo perito.

Contudo, o crédito encontrado pela perícia não tem como ser considerado para o efeito de gerar ao banco o ativo citado pelo "expert".

Isto porque, em primeiro lugar, tratava-se de contrato discutido em ação judicial em andamento perante a 10ª Vara Cível da Comarca de Recife, e que portanto não constituía ativo na definição contábil da palavra, como explicou o parecer do Centro de Apoio Operacional à Execução juntado pelo Ministério Público, a fls. 1626/1627.

Havia, de fato, discussão judicial acerca do numerário apontado como crédito, de modo que, se decidido em última instância que fora o Banespa o fiador da operação, deveria o Banco restituir o numerário que já levantara naqueles autos por meio do saque de depósito judicial efetuado por conta da celebração de acordo entre as partes. E foi o que efetivamente ocorreu. Como se lê da petição e documentos de fls. 2039 e seguintes, juntados

SANDRA REGINA MATTOS RUDZIT
Tradutora Pública e Intérprete Comercial
SÃO PAULO - BRASIL

25/3/2010

CÓPIA EXTRAÍDA NO
TRIBUNAL DE JUSTIÇA DE SÃO PAULO

2097

pelo MP, houve julgamento, pelo STJ, de Recurso Especial em que se decidiu pela inexistência da fiança ofertada pelo Banespa no contrato aludido, o que terá, portanto, como consequência, a obrigação de devolução do depósito judicial levantado pelo banco.

Desta forma, com as considerações acima, o laudo do Centro de Apoio apresentou o quadro de fls. 1637, que demonstrou a situação de insolvência, verificada desde 1999, quando os ativos do banco, após o pagamento dos credores preferenciais, eram suficientes para cobrir apenas 25,61% dos credores quirografários, após os ajustes do liquidante.

Deste modo, impõe-se a decretação da falência do requerente, posto que não preenchido o requisito imposto pelo artigo 21"b" da Lei 6.024/74, verificada a circunstância de sua insolvência.

**2.-** Ante o exposto **JULGO PROCEDENTE** a presente ação para decretar a falência de BANCO PONTUAL S.A. , qualificado nos autos, nesta data, às 15h30min.

Remetam-se os autos à Vara Especializada de Falências e Recuperações Judiciais.

P.R.I.C.

São Paulo, 21 de dezembro de 2009.

***CELINA DIETRICH E TRIGUEIROS TEIXEIRA PINTO***
***Juíza de Direito***

SANDRA REGINA MATTOS RUDZIT
Tradutora Pública
Intérprete Comercial
SÃO PAULO - BRASIL

CÓPIA EXTRAÍDA NO
TRIBUNAL DE JUSTIÇA DE SÃO PAULO

25/3/2010

2099
9

TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, São Paulo - SP - CEP 01501-900

# SENTENÇA

| | |
|---|---|
| Processo nº: | **100.09.348960-8 - Falência de Empresários, Sociedades Empresáriais, Microempresas e Empresas de Pequeno Porte** |
| Requerente: | **BANCO PONTUAL S/A** |
| Requerido: | **BANCO PONTUAL S/A** |

CONCLUSÃO

Em 06 de janeiro de 2010, faço estes autos conclusos à MM. Juíza de Direito, Dra. Renata Mota Maciel.
Eu,__________ (Escr.Subscrevi).

Vistos.

I- Preliminarmente, analiso a competência deste juízo:

Foram distribuídas a esta 1ª Vara de Falências e Recuperações Judiciais, por direcionamento, a autofalência de Banco Pontual S/A (autos n. 2002.114355-3), a liquidação extrajudicial (autos n. 99.078366-9) e a ação civil pública (autos n. 99.893270-3).

Compulsando os autos da autofalência, verifico que foram distribuídos, originariamente, em 14.06.2002, a 16ª Vara Cível Central.

Nas fls. 601/603 foi proferida decisão, reconhecendo a incompetência do juízo da 16ª Vara Cível e determinando a redistribuição a 15ª Vara Cível, em razão da decretação da falência do Banco Martinelli S/A e que compõe o mesmo grupo econômico. Dessa decisão foi suscitado conflito de competência, que reconheceu a competência do juízo da 15ª Vara Cível, sob o fundamento de que a falência do Banco Martinelli S/A atrai a do Banco Pontual S/A (fls. 778/781 e fls. 217/220 do apenso ao 5º volume).

Na decisão da fl. 841 os autos foram redistribuídos a uma das Varas de Falência e Recuperação Judicial, em razão da vigência da Lei n. 11.101/05, sendo os autos, **por sorteio**, distribuídos a esta Vara. Dessa decisão foi suscitado conflito

Este documento é cópia do original assinado digitalmente por RENATA MOTA MACIEL. Para conferir o original, acesse o site www.tj.sp.gov.br, informe o processo 100.09.348960-8 e o código 2S0000001LYN4.



25/3/2010

REGINA MATTOS RUDZIT Tradutora Pública e Intérprete Comercial SÃO PAULO

CÓPIA EXTRAÍDA NO TRIBUNAL DE JUSTIÇA DE SÃO PAULO

2100
91

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, São Paulo - SP - CEP 01501-900

de competência, que reconheceu a competência do juízo da 15ª Vara Cível (fl. 843 e fls. 28/30 do apenso ao 5º volume).

Nas fls. 2092/2097 veio sentença, decretando a falência do Banco Pontual S/A e determinando a distribuição dos autos à Vara Especializada.

Assim, houve a distribuição a esta 1ª Vara de Falências e Recuperações Judiciais **por direcionamento**, isso porque já houve distribuição por sorteio a uma das varas de falência desta capital em ocasião anterior, de modo que, nos termos do item 2-A da seção I do capítulo VII das Normas Judiciais da Corregedoria Geral de Justiça – NSCGJT, não haverá nova distribuição por sorteio à vara de mesma competência.

Por esse contexto, aceito a competência, somado ao fato de que, diante do disposto no artigo 192, § 4º, da Lei nº 11.101/05, a falência decretada será regida inteiramente pelo novo diploma legal e a competência das Varas de Falência e Recuperações Judiciais é fixada pela Resolução 200/2005 do Tribunal de Justiça, que criou e fixou a sua competência para os feitos disciplinados pela Lei 11.101/2005, ou seja, trata-se de competência em razão da matéria, ou funcional, portanto absoluta.

II- Portanto, em complementação ao ordenado na sentença das fls. 2092/2097, faço as seguintes determinações:

1) Nomeio, para exercício da função de administrador judicial (art. 99, IX) o Sr. Valdor Faccio, com endereço na Rua Craveiro Lopes, 19, sobre loja 2-1, nesta capital. Justifico sua nomeação, diante de sua qualificação técnica, experiência na área bancária e pelo trabalho desempenhado durante a fase de liquidação judicial, na qualidade de liquidante, nomeado pelo Banco Central do Brasil, de modo que se mostra pertinente sua nomeação.

Para fins do art. 22, III, deve:

1.1) ser intimado pessoalmente, para que em 48 (quarenta e oito) horas assine o termo de compromisso, pena de substituição (artigos 33 e 34);

1.2) proceder a arrecadação dos bens e documentos (artigo 110), se houver, bem como a avaliação dos bens, separadamente ou em bloco, no local em que se encontrem (artigos 108 e 110), para realização do ativo (artigos 139 e 140), sendo que ficarão estes "sob sua guarda e responsabilidade" (art. 108, parágrafo único), podendo

Este documento é cópia do original assinado digitalmente por RENATA MOTA MACIEL. Para conferir o original, acesse o site www.tj.sp.gov.br, informe o processo 100.09.348960-8 e o código 2S000001LYN4.



REGINA MATTOS RUDZIT Tradutora Pública Comercial SÃO PAULO
25/3/2010
CÓPIA EXTRAÍDA NO TRIBUNAL DE JUSTIÇA DE SÃO PAULO

2101
9

TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, São Paulo - SP - CEP 01501-900

providenciar a lacração, para fins do artigo 109, informando, ainda, ao juízo, quanto à viabilidade da continuidade das atividades da empresa (artigo 99, XI);

2) Mantenho, por ora, o termo legal (art. 99, II) fixado quando da liquidação extrajudicial, podendo ser modificado, caso existam protestos anteriores a essa data ou outra causa que justifique a alteração, inclusive pelo fato de que a Lei n. 6.024/74 prevê prazo inferior (60 dias) ao da Lei n. 11.101/05 (90 dias).

3) Deve o administrador informar se a relação nominal dos credores, com endereço, importância, natureza e classificação dos respectivos créditos, se encontram nos autos, de modo a ser expedido o edital com a relação de credores, bem como outras providências imprescindíveis ao andamento da falência, inclusive sobre a indisponibilidade de bens dos administradores, nos termos do artigo 36 da Lei n. 6.024/74..

3.1) Devem os administradores da falida, José Mário Gomes de Carvalho, José Baia Sobrinho, Salvatore Giuseppe Biondi Arena, Carlos Marcelo Gomes de Carvalho, João Teixeira de Carvalho Neto e Silvio Romero Gomes Teixeira de Carvalho, cumprir o disposto no artigo 104, ficando designada **audiência para o dia 17 de março de 2010, às 13:15 horas**, para assinatura do termo de comparecimento, intimando-se, também, para tanto, o administrador judicial e o Ministério Público, sem prejuízo, caso necessário, da ouvida de outros administradores de fato e de direito, diretores, controladores e membros do conselho de administração, conforme venham outras notícias aos autos.

3.2) Ficam advertidos os sócios e administradores, ainda, que para salvaguardar os interesses das partes envolvidas e verificado indício de crime previsto na Lei n. 11.101/2005, poderão ter a prisão preventiva decretada (art. 99, VII).

4) Fixo o prazo de 15 (quinze) dias, a contar da publicação do edital, para os credores apresentarem ao administrador judicial "suas habilitações ou suas divergências quanto aos créditos relacionados" (art. 99, IV, e art. 7º § 1º), **devendo ser protocoladas no 1º Ofício de Falências e Recuperações Judiciais**, no Fórum João Mendes Júnior, Praça João Mendes Júnior, s/n, 16º andar, sala 1610, Centro, São Paulo/SP, de segunda a sexta-feira, no horário de atendimento ao público, que cuidará de entregar ao administrador judicial.

Este documento é cópia do original assinado digitalmente por RENATA MOTA MACIEL. Para conferir o original, acesse o site www.tj.sp.gov.br, informe o processo 100.09.348960-8 e o código 2S000001LYN4.



25/3/2010

SANDRA REGINA MATTOS RUDZIT
Tradutora Pública
Intérprete Comercial
SÃO PAULO - BRASIL

CÓPIA EXTRAÍDA NO
TRIBUNAL DE JUSTIÇA DE SÃO PAULO

2102
9

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, São Paulo - SP - CEP 01501-900

5) Determino, nos termos do art. 99, V, a suspensão de todas as ações ou execuções **contra a falida** (empresa), ressalvadas as hipóteses previstas nos §§ 1º e 2º do art. 6º da mesma Lei, ficando suspensa, também, a prescrição.

6) Proíbo a prática de qualquer ato de disposição ou oneração de bens da falida (empresa), sem autorização judicial e do Comitê de Credores (se houver), ressalvados os bens cuja venda faça parte das atividades normais do devedor "se autorizada a continuação provisória das atividades" (art. 99, VI).

7) Determino a expedição de ofícios (art. 99, X e XIII) aos órgãos e repartições públicas (União, Estado e Município; Banco Central, DETRAN, etc.), autorizada a comunicação "on-line", imediatamente, bem como à JUCESP para fins dos artigos 99, VIII, e 102.

8) Expeça-se edital, nos termos do art. 99, parágrafo único, da Lei 11.101/2005.

9) Encaminhe-se cópia da sentença e desta decisão para o Banco Central do Brasil, observado o artigo 40, § 1º, da Lei n. 6.024/74 e, também, , inclusive para que informe o andamento de inquérito administrativo ou outro procedimento que naquele tramite (Lei n. 6.024/74, artigo 41).

10) Intime-se o Ministério Público.

11) P.R.I.C.

São Paulo, 07 de janeiro de 2010.

Este documento é cópia do original assinado digitalmente por RENATA MOTA MACIEL. Para conferir o original, acesse o site www.tj.sp.gov.br, informe o processo 100.09.348960-8 e o código 2S0000001LYN4.



SANDRA REGINA MATTOS RUDZIT
Tradutora Pública e Intérprete Comercial
SÃO PAULO - BRASIL

25/3/2010

CÓPIA EXTRAÍDA NO
TRIBUNAL DE JUSTIÇA DE SÃO PAULO

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, 16º andar - sala 1619, Centro - CEP 01501-900, Fone: 3242-0400 R1421, São Paulo-SP

2108
1

**TERMO DE COMPROMISSO DE ADMINISTRADOR JUDICIAL**

| | |
|---|---|
| Processo nº: | **100.09.348960-8** |
| Classe – Assunto: | **Falência de Empresários, Sociedades Empresáriais, Microempresas e Empresas de Pequeno Porte - Autofalência** |
| Requerente: | **BANCO PONTUAL S/A** |
| Requerido: | **BANCO PONTUAL S/A** |

O(A) MM. Juiz(a) de Direito da 1ª Vara de Falências e Recuperações Judiciais do Foro Central Cível, Dr(a). Renata Mota Maciel, determinou a lavratura deste termo, conforme r. decisão proferida em 07/01/2010 que nomeou **ADMINISTRADOR JUDICIAL** o(a) Sr(a):

**VALDOR FACCIO, CPF 157.313.759-68, RG 559807-9/SESP-PR, Rua Craveiro Lopes, 19, Loja 2-1 - CEP 09634-010, São Paulo-SP.**

A quem o MM. Juiz deferiu o compromisso de bem e fielmente desempenhar o cargo de Administrador Judicial e assumir todas as responsabilidades a ele inerentes nos autos da ação em epígrafe. Prestado o compromisso, nesta data, prometeu exercer o cargo com absoluta fidelidade, sob as penas da Lei 11.101/2005. NADA MAIS. O presente termo foi lavrado e, achado conforme, segue assinado. São Paulo, 11/01/2010.

Assinatura do Administrador Judicial

Dra. Renata Mota Maciel
Juíza de Direito

SANDRA REGINA MATTOS RUDZIT
Tradutora Pública e Intérprete Comercial
SÃO PAULO - BRASIL

25/3/2010

CÓPIA EXTRAÍDA NO
TRIBUNAL DE JUSTIÇA DE SÃO PAULO

APPEALS COURT OF THE STATE OF SÃO PAULO
JUDICIAL DISTRICT OF SÃO PAULO
CENTRAL CIVIL COURTHOUSE
1ST BANKRUPTCY AND JUDICIAL REORGANIZATION COURT
Praça João Mendes s/n, Sala 1608 – Centro
CEP: 01501-900 São Paulo – SP
Telephone: (11) 2171-6505 – Email: sp1falencias@tj.sp.gov.br

## DECISION

| | |
|---|---|
| Case No. | 0018592-06.2011.8.26.0100 |
| Class – Topic | Proof of claim – Bankruptcy proceeding |
| Complete Type of Party Principal Asset<< No information Available>>: | Name of Principal Asset << No information available >> |
| Bankrupt Party (Liability): | **BANCO PONTUAL S/A – BANKRUPTCY ESTATE** |

UNDER ADVISEMENT

On **July 4, 2013**, I sent the case records to the Judge, Dr. Marcelo Barbosa Sacramone. I, Technical Judicial Clerk, signed below.

Judge: Dr. **Marcelo Barbosa Sacramone**

The case has been analyzed.

Page 353: The Public Attorney's Office had already authorized the filing of judicial measures abroad.

Therefore, in light of the peculiarities of this case, I grant the request to authorize the BANKRUPTCY ESTATE to adopt the appropriate judicial measures abroad, and to appoint the international representative Judicial Administrator of the Bankruptcy Estate of Banco Pontual.

Make the notifications.

São Paulo, July 4, 2013



[Sidebar – This document was digitally signed by MARCELO BARBOSA SACRAMONE.
If printed, to confer, access the site htpps:\\ esaj.tjsp.jus.br/esaj, indicate Case No. 0018592-06.2011.8.26.0100 and code 2S0000006JS3B.]

Lexico

TRANSLATION CERTIFICATION

I, Kathy Ann Mutz, certified translator by the American Translators Association, certify I have translated from Portuguese into English the attached document – "DECISÃO_VALDOR_REPRES" to the best of my ability and knowledge, and it is a correct and true translation of the original.

Kathy Ann Mutz
ATA Certified Translator
Lexico LLC.

Allentown, PA 10-21-2013

Place & Date

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1608 - Centro
CEP: 01501-900 - São Paulo - SP
Telefone: (11) 2171-6505 - E-mail: sp1falencias@tj.sp.gov.br

# DECISÃO

| | |
|---|---|
| Processo nº: | **0018592-06.2011.8.26.0100** |
| Classe - Assunto | **Habilitação de Crédito - Concurso de Credores** |
| Tipo Completo da Parte Ativa Principal << Nenhuma informação disponível >>: | **Nome da Parte Ativa Principal << Nenhuma informação disponível >>** |
| Falido (Passivo): | **BANCO PONTUAL S/A - MASSA FALIDA** |

CONCLUSÃO

Em **4 de julho de 2013**, faço estes autos conclusos ao MM. Juiz de Direito, Dr. Marcelo Barbosa Sacramone. Eu, Escrevente Técnico Judiciário, subscrevi.

Juiz(a) de Direito: Dr(a). **Marcelo Barbosa Sacramone**

Vistos.

Fls. 353: Já havia ocorrido manifestação do Ministério Público para a autorização do ingresso de medidas judiciais no exterior.

Logo, e diante das peculiaridades do referido processo, defiro o pedido para autorizar que a Massa Falida adote medidas judiciais cabíveis no exterior, bem como para nomear o Administrador Judicial representante internacional da Massa Falida do Banco Pontual.

Intime-se.

São Paulo, 04 de julho de 2013.



Este documento foi assinado digitalmente por MARCELO BARBOSA SACRAMONE.
Se impresso, para conferência acesse o site https://esaj.tjsp.jus.br/esaj, informe o processo 0018592-06.2011.8.26.0100 e o código 2S0000006JS3B.

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

BANCO PONTUAL, S.A.

Debtor in a Foreign Proceeding.
_______________________________/

Chapter 15
Case No. ___________

**ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517 OF THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF**

THIS CAUSE came on for hearing on November __, 2013, upon the Verified Petition For Recognition of Foreign Main Proceeding Pursuant To §1515 and §1517(D.E. 2) (the "Chapter 15 Petition") seeking recognition and related relief pursuant to Chapter 15 of the Bankruptcy Code, of a foreign proceeding ("Banco Pontual Proceeding"), pending in the 1st Bankruptcy and Judicial Reorganization Court of São Paulo, Brazil (the "Brazilian Court"), filed

Faccio ("Trustee"), as Trustee of Banco Pontual S.A. ("Banco Pontual") within the meaning of 11 U.S.C. § 1502(6). The Court (a) finds that due and timely notice of the filing of the Chapter 15 Petition and this hearing was given by the Trustee and (b) has considered the Chapter 15 Petition, the Orders of the Brazilian Court dated January 6, 2010 and July 4, 2013 (the "Bankruptcy Orders") and related pleadings, the declarations on file, and the entire record in this matter. Accordingly, the Court makes the following findings of fact and conclusions of law:

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

B. Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

C. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

D. The Trustee qualifies as a "foreign representative" as defined in 11 U.S.C. § 101(24) and is the duly appointed foreign representative of Banco Pontual.

E. The Chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504 and 1515.

F. The Trustee has met the requirements of 11 U.S.C. § 1515(b), § 1515(c), and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

G. The Banco Pontual Proceeding, and the provisions made thereunder for the protection, administration and distribution of assets is a foreign proceeding pursuant to 11 U.S.C. § 101(23) and 1502(4).

H. The Banco Pontual Proceeding is entitled to recognition by this Court pursuant to 11 U.S.C. § 1517.

I. The Banco Pontual Proceeding is pending in the country where the center of main interests of Banco Pontual is located, and accordingly the Banco Pontual Proceeding is a foreign main proceeding pursuant to 11 U.S.C. § 1502(4) entitled to recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

J. The Trustee is entitled to all relief provided pursuant to 11 U.S.C. § 1520 without limitation.

K. The Trustee is further entitled to seek the relief set forth in 11 U.S.C. § 1521.

L. The relief granted hereby is necessary and appropriate, in the interests of public and international comity, consistent with the public policy of the United States, warranted pursuant to the applicable provisions of the Bankruptcy Code, and will not cause any hardship to the creditors of Banco Pontual or other parties in interest that is not outweighed by the benefits of the relief being granted.

NOW, THEREFORE, IT IS ORDERED and ADJUDGED that:

1. The Banco Pontual Proceeding is granted recognition pursuant to 11 U.S.C. § 1517(a).

2. The Banco Pontual Proceeding is granted recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

3. The Banco Pontual Proceeding, including but not limited to the Bankruptcy Order, shall be given full force and effect and be binding on an enforceable in the United States against all persons and entities.

4. The Trustee is entrusted with the administration and realization of all or a part of Banco Pontual's assets within the territorial jurisdiction of the United States.

5. All persons and entities are stayed from commencing or continuing any action or proceeding concerning the assets, rights, obligations or liabilities of Banco Pontual located in the United States.

6. All person and entities are stayed from executing against the assets of Banco Pontual located in the United States.

7. All persons and entities are prohibited from transferring, encumbering or otherwise disposing of any assets of Banco Pontual located in the United States.

8. All persons and entities provided notice of the Chapter 15 Petition and the Hearing thereon who are in possession, custody or control of property, or the proceeds thereof, of Banco Pontual located within the territorial jurisdiction of the United States, shall immediately advise the Trustee by written notice sent to the Trustee at the following address:

Attention: Valdor Faccio
Largo São Bento, 64, 13 andar - conjunto 132
CEP 01029-010
São Paulo, Brazil

with copy to:

Attention: Gregory S. Grossman
Astigarraga Davis Mullins & Grossman, P.A.
701 Brickell Avenue
Suite 1650
Miami, FL 33131

which shall set forth: (i) the nature of such property or proceeds; (ii) when and how such property or proceeds came into the custody, possession or control of such person or entity; and (iii) the full identity and contact information for such personal or entity.

9. The Trustee is authorized to examine witnesses, take evidence or seek the delivery of information concerning the assets, affairs, rights, obligations or liabilities of Banco Pontual without further order of this Court.

10. The Trustee, if permitted by the Brazilian Court, is authorized to operate the business that is the subject of the Foreign Proceeding and may exercise the powers of a trustee under and to the extent provided by 11 U.S.C. §§ 363 and 552.

11. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 case, and any request by any person or entity for relief from the provisions of this Order.

###

Submitted by:

ASTIGARRAGA DAVIS
MULLINS & GROSSMAN, P.A.
*Attorneys for the Trustee*
701 Brickell Avenue, 16th Floor
Miami, Florida 33131
Telephone (305) 372-8282
Facsimile (305) 372-8202
ggrossman@astidavis.com

Copy furnished to:
Gregory Grossman, Esq.
(Attorney Grossman is directed to mail a copy of this Order as indicated in the Order and file a Certificate of Service with the Court).